767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IMAM ALI ABDULLAH AKBAR, PLAINTIFF-APPELLANT,
v.
RICHARD P. SEITER, ET AL., DEFENDANTS-APPELLEES.
 NO. 84-3052
 United States Court of Appeals, Sixth Circuit.
 6/11/85
 
 N.D.Ohio
 REVERSED AND REMANDED
 ORDER
 BEFORE: CONTIL and WELLFORD, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court upon consideration of plaintiff's appeal from a district court order dismissing his complaint in an action brought under 42 U.S.C. Sec. 1983. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examining the parties' briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, an inmate at Marion Correctional Facility, appeals pro se from a judgment dismissing his complaint against defendants, state prison officials. The gravamen of plaintiff's complaint relates to the practice of his Sunni Muslim faith and the wearing of various types of religious garb and paraphernalia. The district court dismissed the complaint on the grounds of res judicata because plaintiff had filed three previous civil rights-actions against prison officials which addressed the same or similar issues. One of those cases, Akbar v. Kinnison, No. 83-3326, is currently before this Court.
 
 
 3
 Res judicata precludes a party from relitigating issues which were litigated, or could have been litigated, in an earlier proceeding. Duncan v. Peck, 752 F.2d 1135, 1138 (6th Cir. 1985); Castorr v. Brundage, 674 F.2d 531, 536 (6th Cir.), cert. denied, 459 U.S. 928 (1982). An earlier judgment also precludes later suits even though they raise different legal theories of recovery. Harrington v. Vandalia-Butler Board of Education, 649 F.2d 434 (6th Cir. 1981). We conclude that all of plaintiff's claims, except two, are barred by res judicata.
 
 
 4
 The first claim is that prison rules permit the wearing of a tarboosh (fez), in public places, but officials do not allow plaintiff to wear his. The second is that other Muslims are permitted to use their Muslim names on identification badges, while plaintiff is not. A prisoner can state an equal protection claim by alleging that he has arbitrarily been denied a privilege enjoyed by fellow inmates. Durso v. Rowe, 579 F.2d 1365 (7th Cir. 1978), cert. denied, 439 U.S. 1121 (1979). In the instant case, the record does not indicate whether these claims existed at the time of the previous suits. If the claims arose subsequent to the prior cases, they could not have been resolved at those earlier times.
 
 
 5
 Accordingly, it is ORDERED that the district court judgment is affirmed insofar as it relates to the changing of prison rules and the restrictions in the mode of proselytizing and worship. It is further ORDERED that the district court judgment as it relates to plaintiff's wearing of a tarboosh and use of his Muslim name on an identification badge is reversed and remanded for proceedings consistent with this opinion. Rules 9(d)(3) and (4), Rules of the Sixth Circuit.